IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 17-cv-1825-MSK-GPG

SECURA INSURANCE,

    Plaintiff,

v.

JAMES SALLS, and
CODY SLAUGH,

    Defendants.

--------------------------------------------------------
and
--------------------------------------------------------

Civil Action No. 18-cv-00370-MSK

JAMES SALLS,

    Plaintiff,

v.

SECURA INSURANCE,

    Third-Party Defendant[1]

___

**OPINION AND ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

___

**THESE MATTERS** come before the Court pursuant to Mr. Salls' Motion to Remand **(#36)** in the -370 case, Secura Insurance's ("Secura") response **(#37)**, and Mr. Salls' reply **(#39)**; Mr. Salls' Motion to Dismiss **(#20)** in the -1825 case, Secura's response **(#30)**, and Mr. Salls'

___

[1]     For the reasons discussed herein, the Court has truncated the caption of the -370 case to reflect that only Mr. Salls' third-party claim against Secura is encompassed by this case number.

1

reply **(# 33)**; Secura's Motion for Summary Judgment **(# 21)** in the -1825 case, Mr. Salls' response **(# 32)**, and Secura's reply **(# 36)**; and Secura's Motion to Amend the Complaint **(# 34)** in the -1825 case, Mr. Salls' response **(# 37)**, and Secura's reply **(# 38)**.

## FACTS

### A. Procedural History

Both captioned cases arise from the same underlying event. On May 6, 2016, Mr. Slaugh was a spectator at the Western Slope Motor Sports Festival ("the Festival") in Grand Junction, Colorado. During a "mud racing event," a piece of a competitor James Salls' vehicle became dislodged and airborne. It struck Mr. Slaugh in the arm, causing injury. Thereafter, Mr. Slaugh commenced an action in the Colorado District Court for Mesa County, asserting claims sounding in statutory premises liability against the Festival and common-law negligence against Mr. Salls. The Festival cross-claimed against Mr. Salls, invoking a contractual agreement by which Mr. Salls promised to indemnify the Festival against losses that resulted from Mr. Salls' participation in the event.

Mr. Salls contacted Secura, the Festival's insurer, claiming that he should be treated as an additional insured under the Festival's policy and demanding that Secura provide him a defense and indemnification in Mr. Slaugh's suit against him. Secura refused. Mr. Salls then moved in the Mesa County action to add Secura as a third-party defendant to assert claims for breach of insurance contract, among others.

In the meantime, Secura commenced Civil Action 17-cv-1825 in this Court, seeking a declaration that its policy with the Festival did not cover claims against Mr. Salls ("the declaratory judgment action").

The Mesa County court eventually granted Ms. Salls' motion to assert third-party claims against Secura. Secura then moved in the Mesa County case to sever Mr. Salls' claims against it – *i.e.* the claims seeking coverage under the Festival's policy – from Mr. Slaugh's negligence claims. On January 30, 2018, the Mesa County court granted the motion, severing the third-party claims. Because severance of the third-party claim removed the non-diverse parties (Mr. Slaugh and the Festival) from the action, Secura then removed the claims against it to this Court, citing subject-matter jurisdiction premised upon diversity. That case became Civil Action 18-cv-370 ("the removed action") in this Court.

### B. The Instant Motions

In the removed action, Mr. Salls promptly moved **(# 36)** to remand the claims back to the Mesa County court, arguing: (i) the Notice of Removal was untimely, as it was the commencement of the third-party claims against Secura, and not their severance, that triggered the 30-day deadline to remove; and (ii) that both the removed action and the declaratory action involve issues that were being considered by the Mesa County court and that this Court "should not entertain" the actions in deference to the Mesa County action.

Simultaneously, in the declaratory judgment action, Mr. Salls moved **(# 20)** to dismiss Secura's claim, arguing: (i) that the claims regarding coverage would be resolved in the Mesa County action, (ii) that the Court should exercise its discretion to decline to hear Secura's declaratory judgment claim in deference to the Mesa County proceeding; and (iii) in the alternative, the Court should compel Secura to tender a defense to Mr. Salls and stay the declaratory proceeding until the Mesa County action concluded.

Also in the declaratory judgment action, Secura moves **(# 21)** for summary judgment, seeking a determination that, as a matter of law, Mr. Salls is not an insured under the Festival's

3

policy. Secura has also moved **(# 34)** in the declaratory judgment action to amend its Complaint to clarify an alternative basis upon which Secura disputed coverage as to Mr. Salls.

## ANALYSIS

**A. Motion to remand**

Turning first to the question of remand, Mr. Salls' motions effectively raise two issues: (i) whether Secura, as a third-party defendant, is entitled to remove an action pursuant to 28 U.S.C. § 1441; and (ii) whether such removal was timely under 28 U.S.C. § 1446(b). Both questions require the Court to first consider the effect of the Mesa County court's severance order.

The concept of severability arises under two separate Colorado Rules of Civil Procedure. C.R.C.P. 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." Because C.R.C.P. 21 is identical to Fed. R. Civ. P. 21, it would seem that it should be given a similar interpretation. Federal courts considering the federal Rule 21 have held that severance under that rule "creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 441 (7th Cir. 2006); *see also Jones v. Samora*, 395 P.3d 1165, 1175 (Colo.App. 2016) (upon severance, "two groups of claims become separate and independent").

C.R.C.P. 42(b) does not use the term "sever," but describes a process with a somewhat similar effect. It allows a court, "in furtherance of convenience, or to avoid prejudice, or when separate trials will be conductive to expedition or economy, [to] order a separate trial of any separate issue or any number of claims, cross claims, counterclaims, third-party claims, or issues." As explained in *Gaffney*, interpreting the similar Fed. R. Civ. P. 42(b), "the distinction

between the two rules is jurisdictionally significant," as "a separate trial order under Rule 42(b) is interlocutory and non-appealable."

Given these differences, it is essential to determine whether the Mesa County court severed Mr. Salls' claim against Secura pursuant to C.R.C.P. 21, or whether it merely determined that such claim would be tried separately from Mr. Slaugh's claims pursuant to C.R.C.P. 42(b). If the claim against Secura was severed under Rule 21, it began a new life of its own as a separate action and, presumably, was removable. If it was merely set aside for a separate trial under Rule 42(b), it remained yoked to Mr. Slaugh's negligence claims, subject to whatever trial management decisions the Mesa County court chose to make with regard to it.

Secura's motion in the Mesa County proceeding does not expressly invoke either Colorado Rule 21 or 42(b); it recites only C.R.C.P. 14(a), which provides that a third-party defendant "may move to strike the third-party claim, or [may move] for its severance or separate trial." Nevertheless, such verbiage is instructive. The Colorado Rules of Civil Procedure clearly contemplate a distinction between "severance" and the granting of a "separate trial" – that is, the mechanisms described by Rules 21 and 42(b) are given distinctive labels. Secura's motion (and Mr. Salls' response) in the Mesa County action unambiguously requested "severance," not a "separate trial." And the reasons Secura gave for its request – an intention to resolve the coverage issues in the extant federal declaratory action – further suggest that it desired full severance of the third-party claim, rather than merely a separate trial in Mesa County. The Mesa County court's order gives no clear indication of the court's intention, but it too uses the term "severance" rather than "separate trial" to describe the relief that was granted. Thus, all of the circumstances present here suggest that the Mesa County court severed Mr. Salls' claim against Secura pursuant to C.R.C.P. 21. *Compare e.g. Brown v. Tax Ease Lien Investments, LLC*, 77

F.Supp.3d 598 (W.D.Ky. 2015) (state court's "bifurcation" of third-party claim was not a severance, and thus did not permit removal of the separated claim).

Once the Mesa County court's actions are characterized as a Rule 21 severance, the remaining issues raised by Mr. Salls can be disposed of quite simply. Mr. Salls notes that there is some doubt as to whether third-party defendants may themselves invoke the right to remove cases to federal court. *See generally Padilla v. American Modern Home Ins. Co.*, 282 F.Supp.3d 1234, 1250 n. 3 (D.N.M. 2017) (collecting cases). But that issue evaporates upon severance. Once the claim is severed, Secura is no longer a third-party defendant, it is simply a defendant in a new, separate action. Thus, rules which might prohibit third-party defendants from removing an action no longer apply. And because the severance jettisoned Mr. Slaugh and the Festival as non-diverse parties, it suddenly rendered the severed *Salls v. Secura* claim removable on diversity grounds. Secura effectuated the removal of the claim to this Court within 30 days of the Mesa County court's order, thus rendering the removal timely under 28 U.S.C. § 1446(b)(3). *See Title Pro Closings, LLC v. Tudor Ins. Co.*, 840 F.Supp.2d 1299, 1304 (M.D.Al. 2012) ("a state court's decision to sever the original action from the third-party claim transforms the original defendant into a plaintiff and the third-party defendant into a defendant capable of removing the action"). Accordingly, because Secura properly removed Mr. Salls' claims against it to this Court, the Court denies Ms. Salls' motion to remand.

**B. Motion to dismiss the declaratory action**

Mr. Salls moves to dismiss the declaratory action filed by Secura, arguing that the Court should exercise its discretion to decline to consider a declaratory judgment claim in the present circumstances. District courts are not obligated to entertain every justiciable declaratory claim brought before them, and the Court may decline to consider such claims in appropriate

circumstances. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994). Among the factors that the Court should consider are: (i) whether the declaratory action would settle the controversy; (ii) whether a declaratory remedy would serve a useful purpose in clarifying the legal relations at issue; (iii) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"; (iv) whether the declaratory action would increase friction between the state and federal courts; and (v) whether there is an alternative remedy which is better or more effective. *Id.*

The present circumstances tilt in favor of the Court dismissing the declaratory judgment claim and proceeding solely on Mr. Salls' claims against Secura in the removed action. Most significantly, the declaratory judgment action is premised upon the extent to which the allegations in Mr. Slaugh's complaint in Mesa County required Secura to tender a defense to Mr. Salls. But Mr. Slaugh's complaint was not concerned with, and thus contained no allegations regarding, whether Mr. Salls is covered under the Festival's policy as an "employee" or "volunteer worker" at the Festival. Mr. Salls' direct claims against Secura in the removed action alleges facts that squarely present his claim to coverage on these grounds: *e.g.* he alleges that he was paid to promote the Festival in external appearances, that he delivered supplies to the Festival, that he was provided with a Festival shirt that identified him as "STAFF," etc.[2] Thus, resolving the question of coverage in the removed action, on the strength of Mr. Salls' factual

---

[2] Admittedly, Mr. Salls' Complaint against Secura in the removed action is a severely-abbreviated document containing solely conclusory assertions regarding coverage. *See Docket #* 1-1 at 43-46. It fails to recite any of the pertinent facts discussed herein, instead offering, for example, the pure conclusion that "Secura Insurance entered into a contract that obligated it to defend and indemnify [Mr. Salls]."

Rather than invite a motion to dismiss from Secura in the removed action, and a response from Mr. Salls requesting leave to amend the Complaint, the Court will short-circuit that process. Within 21 days of the date of this Order, Mr. Salls shall file an Amended Complaint in the removed action that sufficiently pleads the facts that underlie his claims.

7

allegations directed specifically at that issue, provides an alternative remedy that would be more effective in addressing the coverage issue than would addressing that question on the strength of Mr. Slaugh's less-comprehensive complaint in the declaratory action. For the same reasons, resolving that question within the removed action would more effectively and completely clarify the parties' legal relations than would resolving that question within the declaratory action. Indeed, now that the removed action has placed Mr. Salls' coverage claims squarely before this Court, the Court sees no justification to continuing with the declaratory action in any capacity.

Accordingly, the Court finds that, in the exercise of its discretion in light of the *Mhoon* factors, it is unnecessary to entertain the declaratory judgment action further. The Court dismisses the declaratory action,[3] and only the removed action will continue. The dismissal of the declaratory action renders the remaining pending motions in that action moot.

## CONCLUSION

For the foregoing reasons, Mr. Salls' Motion to Remand **(# 36** in the -370 case) is **DENIED**. Mr. Salls' Motion to Dismiss **(# 20** in the -1825 case) is **GRANTED**, and the -1825 case is **DISMISSED** in its entirety, without costs. Within 21 days of this Order, Mr. Salls shall file an Amended Complaint in the -370 case that sets out his claims with sufficient particularity.

Dated this 22nd day of October, 2018.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[3] Such dismissal is without costs to Mr. Salls under Fed. R. Civ. P. 54(d)(1).