IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-00370-MSK-GPG

JAMES SALLS,

    Plaintiff,

v.

SECURA INSURANCE, WESTERN SLOPE MOTOR SPORTS FESTIVAL, INC. and CODY SLAUGH,

    Defendants.

**ORDER REGARDING SECURA'S MOTION TO STAY**

    This matter comes before the Court on Secura's motion to stay (ECF #67)[1], Plaintiff Salls response (ECF #68), and Secura's reply (ECF #71). The Court has each of the aforementioned documents and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument would not materially assist the Court in adjudicating this motion. For the following reasons, the Court issues this ORDER DENYING the motion to stay.[2]

---

[1] "(ECF #67)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

1

Defendant Secura moves to stay discovery related to Plaintiff's claims for breach of the duty of good faith and fair dealing "pending a determination that SECURA had a duty to defend Salls . . ." (ECF #67, p. 1).  Plaintiff Salls opposes.

Facts

Some regurgitation of the factual scenario is appropriate before diving into the legal analysis necessary to resolve this issue.  On May 6, 2016, Defendant Cody Slaugh "was hit by a piece of metal that flew off a truck owned and driven by [Plaintiff] James Salls while Slaugh was attending a mud-racing event at the Western Slope Motor Sports Festival 2016" (scheduling order (ECF #65, p. 4)).  Salls was participating in a "mud race."  Id. at p. 5.  Slaugh sued.  *Id*. at p. 4.  Secura defended Western Slope Motor Sports Festival, Inc. (WSMSF) but did not provide a defense for Salls on the basis that Secura claimed he did not qualify as an insured.  *Id*. at pp. 4-5.  Secura claims that Salls was neither an employee or volunteer of WSMSF and that even if he was that Salls was acting as a participant at the time of the injury, thus not entitling him to coverage.  *Id*. at p. 5.  Secura also claims that a motor vehicle exclusion applies which would preclude bodily injury coverage under this circumstance-another reason why Secura claims it had no duty to defend Salls.  *Id*.  Salls claims that "[a]t the time of the subject incident . . . Salls was acting as an employee or volunteer of [WSMSF]" (amended complaint (ECF #41, p. 5, para. 34)).  In not providing a defense, Salls claims breach of contract, breach of duty of good faith and fair dealing, and a violation of C.R.S. § 10-3-1115 (Colorado's improper denial of claims statute) (ECF #41, pp. 8-11).

2

While Secura's motion is postured as merely requesting a stay of one part of discovery while another portion proceeds, the procedural end game of this motion is really a request for bifurcation pursuant to Federal Rule of Civil Procedure 42(b). At this juncture in the proceedings, an answer (ECF #56) having been filed to the amended complaint, the Court can see no purpose in the requested stay by Secura other than for a determination of the duty to cover issue to be provided either through summary judgment or at trial. Secura admits as much stating that this matter should proceed through dispositive motions and a determination on the issue of duty to defend prior to proceeding on the bad faith claims(s). *See* motion to stay (ECF #67, p. 2). Of course, should Secura not prevail on the duty to cover issue at the summary judgment stage, this would then mean opening a new discovery period and potentially additional briefing on summary judgment as to bad faith.

Bifurcation

> Rule 42(b) of the Fed.R.Civ.P. allows a court to order separate trials for separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P 42(b); *accord King v. McKillop,* 112 F.Supp.2d 1214, 1221 (D.Colo.2000). [A court] ha[s] wide discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir.1985); *accord Gaede v. Dist. Ct. In and For Eighth Judicial. Dist.,* 676 P.2d 1186, 1188 (Colo.1984) ("A trial court enjoys broad discretion under C.R.C.P. 42(b) to order separate trials on specific issues in appropriate civil cases."). And while [a court] ha[s] discretion to order separate trials, "that does not mean that severance is the norm or even a common occurrence." *The Marianist Province of the United States, Inc. v. Ace USA,* 2010 WL 2681760, *1 (D.Colo. July 2, 2010) (citing Fed. R. Civ. P 42(b) advis. comm. notes (noting that bifurcation should not "routinely be ordered")); *see also Gaede,* 767 P.2d at 1188 (explaining that the reasons listed in C.R.C.P. 42(b) for bifurcating are "conditions" such that, in their absence, bifurcation is "inapplicable").

*Colorado Casualty Company v. Infinity Land.*, 2013 WL 5420689 *1 (D. Colo.) (not reported for official publication).

Secura argues that "the burden and expense of conducting discovery as to Salls' extra-contractual claims outweigh the benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Motion to stay (ECF #67, p. 3). Secura argues that "discovery on the potentially moot extra-contractual claims [would be] onerous, burdensome, and may encroach on trade secret and proprietary information." Secura's motion (ECF #67, p. 5). Secura provides some examples of what it believes to be such burdensome discovery, *see* Secura's motion (ECF #67, pp. 5-6) and further argues that the burden of having to respond to bad faith discovery at this time far outweighs the benefits to be derived from bifurcation. *Id*. at p. 6. Secura also argues that it will be forced to get a protective order regarding certain requests. *Id*. at p. 7.

Salls argues that: (1) as at least to some of the discovery there is overlap such that the discovery would be provided anyway in the context of the duty to defend; and (2) even if there was ultimately no duty to defend Secura may still have breached the covenant of good faith and fair dealing. Sall's response (ECF # 68, pp. 3-6).

As to Secura's assertion that allowing discovery to proceed on both the duty to defend and bad faith may lead to either additional discovery disputes or a request for a protective order, the Court finds neither reason to be compelling arguments in favor of a bifurcation. Discovery disputes are the bread and butter of a magistrate judge's involvement in many civil actions and will no doubt continue to be such. The Court assumes that many litigants will seek the Court's direction in disputed discovery matters and cannot find that having to afford such guidance is a valid reason to stay one part of discovery in a particular action. Protective orders are similarly typical in the world of civil discovery and the specter of such an order is not a good reason for bifurcation.

As with *Colorado Casualty*, the parties here vigorously debate whether resolution of the duty to defend claim would truly be the end of the litigation or whether a bad faith claim could survive a determination that there was no duty to defend. The parties hereto cite *Dunn v. American Family Ins.* for the proposition that bad faith claims do not necessarily depend on the existence of coverage. *Dunn v. American Family Ins.*, 251 P. 3d 1232, 1235 (Colo. App. 2010). The Court in *Colorado Casualty* also relied on *Dunn* on that score. *Colorado Casualty*, 2013 WL 5420689 *2. In this matter, Secura attempts to distinguish *Dunn* from this situation on the basis that this matter is a pure duty to defend situation rather than a dispute over whether there was specific coverage in this instance. Secura's reply (ECF #71, pp. 4-5). Essentially, Secura is arguing that Salls was a member of the general public claiming an interest in a policy having no agreement or relationship with the carrier. Secura's reply (ECF #71, p. 2). No doubt, the parties will continue to dispute this as one of the central issues of this action. However, as the Court did in *Colorado Casualty*, I must recognize that a bad faith claim does not necessarily depend on the existence of coverage under Colorado law. That does not in any way presuppose that a bad faith claim would survive the postulated dismissal of a duty to defend claim-but it could.

Exercising my discretion in this matter, I conclude that a stay/bifurcation would not necessarily be more convenient, expeditious or economical. While Secura claims that being forced to engage in discovery would be onerous and burdensome, at one point claiming the task would be herculean, Secura fails to provide any heft behind that argument to show that there would be any meaningful savings in time, money, or effort by way of bifurcation. I say this acknowledging that all discovery has costs, both financial and timewise. That being said, there would be unnecessary duplication of effort by bifurcation, particularly with regard to depositions. In terms of paper discovery, what is at issue is the claims handling file, policies and procedures, and likely

interrogatories.  Effort yes, herculean no.  I ultimately conclude that the speculative potential savings of bifurcation are outweighed by costs of delay, and the unnecessary duplication of effort- both by the parties and the Court.  It is likely that discovery will concern some of the same matters anyway.  The potential discovery in this action is not so complex that bifurcation makes financial sense and will not overly assist the Court by saving so much time that the potential costs of bifurcation outweigh the theoretical benefit.

It is therefore Ordered that the motion to stay is DENIED.

Dated at Grand Junction, Colorado, this March 16, 2019.

Gordon P. Gallagher

United States Magistrate Judge